# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RAYMOND S. CAVEDO,

    Petitioner,

-vs-                                          Case No. 8:09-CV-2198-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his 2009 convictions for robbery and robbery with a deadly weapon entered by the Twelfth Judicial Circuit Court, Manatee County, Florida.[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon consideration of the petition, the Court

---

[1] The Court takes judicial notice of information on the Florida Department of Corrections Offender Network, reviewed on November 12, 2009, which indicates Petitioner was sentenced on March 20, 2009, for the offenses of robbery and robbery with a deadly weapon. See Fed. R. Evid. 201.

concludes that the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, because Petitioner is not entitled to any habeas relief.[2]

Petitioner raises one claim in his petition: that the state trial court had no jurisdiction to sentence Petitioner because the oaths of office taken by the trial judges and prosecutors presiding over Petitioner's criminal case are not "legal oaths" as they do not contain a Seal of the State of Florida, nor were they notarized. Petitioner argues that because the judges' and prosecutors' oaths of office are insufficient, the judges and prosecutors are not state employees, and therefore had no jurisdiction to prosecute or sentence him.

Petitioner's ground presents a state law issue for which federal habeas corpus relief does not lie. Whether the judges and prosecutors were not state employees because their oaths of office were not notarized and did not include the Seal of the State of Florida is a state law matter. Federal relief is available to correct only constitutional injury. *Wainwright v. Goode*, 464 U.S. 78 (1983). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). A violation of Florida's jurisdictional mandates does not raise a federal constitutional

---

[2]The petition does not allege that Petitioner has exhausted the remedies available to him in the state courts. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(2).

issue for which federal habeas relief may be granted. *See Cook v. Morrill*, 783 F.2d 593, 595-96 (5th Cir. 1986); *Caudill v. Scott*, 857 F.2d 344, 345-46 (6th Cir. 1988). *See also, Bresler v. Dretke*, No. 3:04-CV-2046-B, 2006 WL 1867836, *2 (N.D. Tex. July 6, 2006) (holding that "claims based on an alleged failure to take the oaths of office required by Texas state law do not raise a federal constitutional claim").

Furthermore, under Florida law the judges' and prosecutors' alleged failure to fully comply with the oath of office requirement under Section 876.05, Florida Statutes, does not invalidate their public actions. *See, Fla. Bar v. Sibley*, 995 So. 2d 346, 351 (Fla. 2008) ("A de facto officer is one who, while in actual possession of the office, is not holding such in a manner prescribed by law...A de facto officer exercising the functions of office in consequence of a known and valid appointment or election may serve if the only defect in title is a failure to comply with some requirement or condition such as executing an oath or doing so in accordance with a prescribed form...a de facto officer's acts are as valid and binding upon the public or upon third persons as those of an officer de jure.")(citations and quotations omitted).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*